Bethany A. Davis Noll, N.Y. State Bar #4541116
bethany.davisnoll@nyu.edu
*(pro hac vice pending)*
Denise Grab, Cal. State Bar #268097
denise.grab@nyu.edu
Jack Lienke, N.Y. State Bar #5066386
jack.lienke@nyu.edu
*(pro hac vice pending)*
Richard L. Revesz, N.Y. State Bar #2044725
richard.revesz@nyu.edu
*(pro hac vice pending)*
Institute for Policy Integrity
New York University Law School
139 MacDougal, 3rd floor
New York, NY 10012
T: (212) 998-6239
F: (212) 995-4592

Counsel for *Amicus Curiae*
Institute for Policy Integrity

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, by and through XAVIER BECERRA, Attorney General; and STATE OF NEW MEXICO, by and through HECTOR BALDERAS, Attorney General, et al.,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; OFFICE OF NATURAL RESOURCES REVENUE; RYAN ZINKE, Secretary of the Interior; and GREGORY GOULD, Director, Office of Natural Resources Revenue,<br>Defendants. | Case No. 17-cv-05948-SBA<br><br>NOTICE OF MOTION AND MOTION OF INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS<br><br>Judge: Hon. Saundra Brown Armstrong |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Institute for Policy Integrity ("Policy Integrity") hereby moves the Court for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Plaintiffs.

## I. LEGAL STANDARD

The question of whether to grant permission to file an amicus brief lies solely within the discretion of the Court. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "[A]n individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C-06-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (Armstrong, J.). As such, district courts welcome amicus briefs where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (Conti, D.J.) (internal quotation marks omitted). And courts welcome briefs "from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D. Cal. 2003) (Walker, D.J.). Moreover, amicus briefs should normally be allowed when the amicus has an interest in the case. *See In re Heath*, 331 B.R. 424, 430 (9th Cir. B.A.P. 2005). Policy Integrity's motion satisfies all of these factors.

## II. INTEREST OF *AMICUS CURIAE*

Policy Integrity has a strong interest in this case. Policy Integrity is a nonpartisan, not-for-profit think tank dedicated to improving the quality of government decisionmaking through advocacy and scholarship in the fields of administrative law, economics, and public policy, with a particular focus on environmental and economic issues. Areas of special concern for Policy Integrity include the proper valuation of the economic and environmental impacts of natural resource extraction as well as the proper assessment of costs and benefits for regulatory repeals. Policy Integrity consists of a team of legal and economic experts, trained in the estimation of costs and benefits and in the application of economic principles to regulatory decisionmaking. Our director, Richard L. Revesz, has published more than eighty articles and books on environmental and administrative law, including several works

that address the legal and economic principles that inform rational regulatory decisions.[1] Additionally, our policy director, Jayni Foley Hein, has written several articles and reports focused on natural resource management and conservation.[2]

In furtherance of its mission to promote rational decisionmaking, Policy Integrity has filed *amicus curiae* briefs addressing agency analysis of costs and benefits in many cases involving natural resource management. For example, in the U.S. Court of Appeals for the Tenth Circuit, Policy Integrity filed a brief supporting a challenge to the Bureau of Land Management's ("BLM") approval of four coal leases in Wyoming's Powder River Basin. The brief pointed to basic economic principles to show that BLM's failure to consider the impact of additional coal leases on coal consumption was irrational. Br. for Inst. for Policy Integrity, *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 870 F.3d 1222, 1235 (10th Cir. 2017). The Tenth Circuit agreed that the agency had improperly failed to consider the extent to which increased mining would, by lowering the price of coal, lead to increased coal consumption. *WildEarth Guardians*, 870 F.3d at 1235. The issue in *WildEarth Guardians* is relevant to the arguments Policy Integrity makes in part A.2 of its proposed amicus brief for this case.

In addition, Policy Integrity seeks to participate in this litigation because the case has the potential to affect the outcome of other similar cases, where Policy Integrity also has an interest. The Repeal Rule is one of the first of many agency rulemakings seeking to repeal a prior regulation under the new Presidential administration. Like the Repeal Rule, many of these rules implicate broad principles of agency decisionmaking, including the principles governing the analysis of costs and benefits in the context of a repeal.

---

[1] *See* Richard L. Revesz, Publications, *available at* https://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.publications&personid=20228; *PHH Corp. v. Consumer Fin. Prot. Bureau*, 881 F.3d 75, 108-9 (D.C. Cir. 2018) (citing Professor Revesz's scholarship in the majority opinion as well as several of the other concurring and dissenting opinions).

[2] Jayni Hein, Profile, http://policyintegrity.org/jaynihein.

MOTION FOR LEAVE TO FILE AMICUS BRIEF 4:17-cv-05948-SBA

2

Those broad principles are enshrined in the Administrative Procedure Act (APA). The APA requires an agency to "examine the relevant data and articulate a satisfactory explanation for its action." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Courts reverse where an examination of that explanation makes clear that the agency failed to consider "an important aspect of the problem." *Id.* One important factor that agencies must address when explaining a decision is the cost that the decision imposes on society. Executive Order 12,866, which has governed regulatory decisionmaking since 1993 and continues to apply today,[3] instructs agencies to consider a regulation's costs, including "any adverse effects . . . on health, safety and the natural environment." Exec. Order No. 12,866 § 6(a)(3)(C)(ii), 58 Fed. Reg. 51,735 (Sept. 30, 1993). And courts have consistently required agencies to take the costs of their actions into account. *See Michigan v. EPA*, 135 S. Ct. 2699, 2707 (2015) (explaining that under 42 U.S.C. § 7412, "[n]o regulation is 'appropriate' if it does significantly more harm than good"); *New York v. Reilly*, 969 F.2d 1147, 1153 (D.C. Cir. 1992) (remanding rule where agency failed to explain how economic benefits would justify forgoing promised air benefits); *Johnston v. Davis*, 698 F.2d 1088, 1094-95 (10th Cir. 1983) (remanding an environmental study because it made "no mention" of crucial factor that would make action net costly).

In the context of a repeal, costs include the forgone benefits of the repealed rule. *See Michigan*, 135 S. Ct. at 2707 ("'[C]ost' includes more than the expense of complying with regulations; any disadvantage could be termed a cost."). And failure to address those forgone benefits renders the repeal arbitrary and capricious. *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1122 (N.D. Cal. 2017) (holding that agency's failure to consider forgone benefits was arbitrary and capricious);

---

[3] *See* Office of Mgmt. & Budget, Memorandum: Implementing Executive Order 13,771, Titled "Reducing Regulation and Controlling Regulatory Costs" pt. II (Apr. 5, 2017) ("EO 12866 remains the primary governing EO regarding regulatory planning and review."), https://www.whitehouse.gov/sites/whitehouse.gov/files/omb/memoranda/2017/M-17-21-OMB.pdf.

*cf. Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1039 (D.C. Cir. 2012) (finding that the agency properly calculated the costs of amending a regulation).

In this case, as explained in the proposed amicus brief, the Office of Natural Resources Revenue ("ONRR") has not adequately assessed the environmental and economic impacts of its decision to repeal the "Consolidated Federal Oil & Gas and Federal & Indian Coal Valuation Reform," 81 Fed. Reg. 43,338 (July 1, 2016) ("Valuation Rule"). *See* "Repeal of Consolidated Federal Oil & Gas and Federal & Indian Coal Valuation Reform," 82 Fed. Reg. 36,934 (Aug. 7, 2017) ("Repeal Rule"). In particular, ONRR has not explained its decision to forgo the Valuation Rule's benefits.

Policy Integrity has filed many amicus briefs critiquing agencies' economic analyses for regulatory repeals and suspensions similar to the Repeal Rule at issue in this case. For example, in this district, Policy Integrity filed a brief opposing BLM's decision to suspend a leak prevention rule without considering the forgone regulatory benefits. *See e.g.*, Br. for Inst. for Policy Integrity as Amicus Curiae, *California*, 277 F. Supp. 3d at 1106. In that case, the court agreed that BLM's failure to consider the forgone benefits resulting from the suspension was arbitrary and capricious. *California*, 277 F. Supp. 3d at 1123. In addition, Policy Integrity has filed amicus briefs regarding the failure to consider forgone benefits in challenges to regulatory delays, pending in the U.S. District Court for the Southern District of New York, *see* Br. for Inst. for Policy Integrity as *Amicus Curiae*, *New York v. Pruitt*, No. 18-1030 (S.D.N.Y. May 11, 2018), and the U.S. Courts of Appeals for the D.C. Circuit and Second Circuit, *see* Br. for Inst. for Policy Integrity as *Amicus Curia*e, *Air Alliance Houston v. Environmental Protection Agency*, No. 17-1155 (D.C. Cir. Nov. 1, 2017); Br. for Inst. for Policy Integrity as *Amicus Curiae*, *Natural Resources Defense Council v. National Highway Traffic Safety Administration*, No. 17-2780 (2d Cir. March 12, 2018).

In addition to the briefs discussed above, Policy Integrity has made similar arguments in public comments submitted on several *proposed* repeals, which may be finalized and litigated in the future.

*See e.g.*, Proposed Repeal of Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units, 82 Fed. Reg. 48,035, 48,038 (Oct. 16, 2017).[4]

As in these other matters, Policy Integrity's interest in the current case is to ensure that agencies comply with their obligation to accurately assess the economic and environmental impacts of deregulatory decisions. Because the resolution of Plaintiffs' motion for summary judgment could affect these other challenges, as well as challenges that may be filed on repeals that are finalized in the future, this Court should grant Policy Integrity's motion to participate as *amicus curiae*. *See Sonoma Falls Developers, LLC*, 272 F. Supp. 2d at 925.

### III. POLICY INTEGRITY'S EXPERTISE WILL BENEFIT THE COURT

Policy Integrity's proposed *amicus* brief is also useful to the court. Policy Integrity has experience with the rules at issue in this case, having submitted comments to ONRR on both the proposed Valuation Rule[5] and the proposed Repeal Rule.[6] Policy Integrity has harnessed that experience, as well as its expertise in cost-benefit analysis, to explain why ONRR's treatment of the Repeal Rule's economic impacts was arbitrary and capricious. While Plaintiffs have made arguments about ONRR's failure to provide a reasoned explanation for the Repeal Rule, Policy Integrity's focus on the agency's economic analysis is unique.

---

[4] *See also* Institute for Policy Integrity, Comments on Repeal of Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units, 82 Fed. Reg. 48,035 Apr. 26, 2018), http://policyintegrity.org/documents/04.27.18_Policy_Integrity_CPP_Repeal_Proposal_Comments.pdf.

[5] *See, e.g.,* Institute for Policy Integrity, Comments on ONRR's Proposed Reform of Consolidated Federal Oil and Gas and Federal and Indian Coal Valuation Rule (May 8, 2015), https://www.regulations.gov/document?D=ONRR-2012-0004-0267.

[6] Institute for Policy Integrity, Comments on ONRR's Proposed Repeal of Consolidated Federal Oil and Gas and Federal and Indian Coal Valuation Reform Rule (May 4, 2017), https://www.regulations.gov/document?D=ONRR-2017-0001-0079.

### IV. MEET AND CONFER AND TIMELINESS

Pursuant to the Court's Standing Orders for Civil Cases, Policy Integrity has conferred with the parties concerning the filing of this motion. Plaintiffs consent to this motion. Intervenor-Defendants take no position on this motion. Defendants object to this motion.[7]

This motion is timely. Though this Court does not have rules governing the timing of *amicus* briefs, the Court may look for guidance to the rules of other district courts. In the U.S. District Court for the District of Columbia, the Local Rules require an amicus motion to be filed "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." Rules of the U.S. District Court for the District of Columbia, Local Rule 7(o)(2) at 31 (June 2018), http://www.dcd.uscourts.gov/sites/dcd/files/LocalRulesJune2018.pdf. In this case, there is more than enough time for the Court to decide Policy Integrity's motion without unduly delaying the decision on the pending matter. Defendants' combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment briefs is due on July 16, 2018, and Defendants' reply brief on their own cross-motion is due on September 4, 2018, which gives the court more than two months to decide this motion prior to the close of briefing on the pending motions. Indeed, the Court need not rule on this motion at any time prior to decision on the summary judgment motions. The Court could simply decide all the motions at the same time. *See, e.g., WildEarth Guardians*, 870 F.3d at 1230 (granting Policy Integrity's motion to file an amicus brief over Intervenors-Appellees' objection).

In addition, given this timing, Defendants will not be prejudiced in their ability to respond to the arguments raised in Policy Integrity's proposed amicus brief, should they wish to do so. Defendants could rebut Policy Integrity's arguments in their combined opposition to Plaintiffs' motion for

---

[7] Federal defendants did not object to Policy Integrity's motions to file any of the other amicus briefs mentioned here. Instead, federal defendants took no position on Policy Integrity's motions to participate as amicus curiae in *New York v. Pruitt,* No. 18-1030 (S.D.N.Y.), and in *California v. United States Bureau of Land Management*, 277 F. Supp. 3d at 1106. And federal defendants consented to Policy Integrity's filing of an amicus brief in *Air Alliance Houston v. Environmental Protection Agency*, No. 17-1155 (D.C. Cir.), and *Natural Resources Defense Council v. National Highway Traffic Safety Administration*, No. 17-2780 (2d Cir.).

summary judgment and cross-motion for summary judgment or in their reply brief. *Cf.* Order, *Sierra Club v. Zinke*, No. 17-cv-03885 (N.D. Cal. Aug. 10, 2017) (Laporte, M.J.) (setting deadline for amicus briefs for one day before plaintiffs' reply briefs on motions for summary judgment were due), ECF No. 41; *see also* Order, *California v. Zinke*, 17-cv-03804 (N.D. Cal. Aug. 8, 2017) (Laporte, M.J.), ECF. No. 33 (joint stipulation setting deadlines for briefing on motions for summary judgment in the related cases: *Sierra Club v. Zinke* and *California v. BLM*).

## CONCLUSION

For the forgoing reasons, Policy Integrity respectfully requests that the Court grant this motion and accept for filing the accompanying *amicus curiae* brief.

Dated: New York, NY
June 25, 2018

Respectfully submitted,

  /s/ Richard Revesz
Bethany A. Davis Noll, N.Y. State Bar #4541116
bethany.davisnoll@nyu.edu
*(pro hac vice pending)*
Denise Grab, Cal. State Bar #268097
denise.grab@nyu.edu
Jack Lienke, N.Y. State Bar #5066386
jack.lienke@nyu.edu
*(pro hac vice pending)*
Richard L. Revesz, N.Y. State Bar #2044725
richard.revesz@nyu.edu
*(pro hac vice pending)*
Institute for Policy Integrity
New York University Law School
139 MacDougal, 3rd floor
New York, NY 10012
T: (212) 998-6239
F: (212) 995-4592

*Counsel for* Amicus Curiae
*Institute for Policy Integrity*

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2018, I electronically filed the NOTICE OF MOTION AND MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, along with exhibits, with the Clerk using the CM/ECF system, which I understand to have caused service of the filing to all counsel of record.

   /s/ Richard Revesz
Bethany A. Davis Noll, N.Y. State Bar #4541116
bethany.davisnoll@nyu.edu
*(pro hac vice pending)*
Denise Grab, CA State Bar #268097
denise.grab@nyu.edu
Jack Lienke, N.Y. State Bar #5066386
jack.lienke@nyu.edu
*(pro hac vice pending)*
Richard L. Revesz, N.Y. State Bar #2044725
richard.revesz@nyu.edu
*(pro hac vice pending)*
Institute for Policy Integrity
New York University Law School
139 MacDougal, 3rd floor
New York, NY 10012
T: (212) 998-6239
F: (212) 995-4592

*Counsel for* Amicus Curiae
*Institute for Policy Integrity*