CECILIA D. SEGAL (SBN 310935)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 875-6112
Fax: (415) 795-4799
E-mail: csegal@nrdc.org

AARON COLANGELO, *pro hac vice*
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Telephone: (202) 289-2376
Fax: (415) 795-4799
E-mail: acolangelo@nrdc.org

*Counsel for Plaintiff-Intervenors Natural Resources
Defense Council, Northern Plains Resource Council,
The Wilderness Society, and Western Organization
of Resource Councils*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, by and through XAVIER BECERRA, ATTORNEY GENERAL; and STATE OF NEW MEXICO, by and through HECTOR BALDERAS, ATTORNEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; OFFICE OF NATURAL RESOURCES REVENUE; DAVID BERNHARDT, Secretary of the Interior; and GREGORY GOULD, Director, Office of Natural Resources Revenue, <br><br> Defendants.[1] | Case No. 17-cv-05948-SBA <br><br> **Conservation Intervenors' Notice of Motion, Motion to Enforce the Court's Judgment, and Memorandum in Support of Motion** <br><br> Date: March 11, 2020 <br> Time: 2:00 p.m. <br> Judge: Hon. Saundra B. Armstrong |

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary of the Interior David Bernhardt has been substituted for former Secretary of the Interior Ryan Zinke, who was originally named as a defendant.

1

**NOTICE OF MOTION**

2      PLEASE TAKE NOTICE THAT on March 11, 2020, at 2:00 p.m., or as soon

3  thereafter as the matter may be heard, in the courtroom of the Honorable Saundra B.

4  Armstrong, at the United States Courthouse, 1301 Clay Street, Oakland, California 94612,

5  Plaintiff-Intervenors Natural Resources Defense Council, Northern Plains Resource

6  Council, The Wilderness Society, and Western Organization of Resource Councils

7  (collectively, Conservation Intervenors), by counsel, will and hereby do move the Court to

8  enforce its Judgment of March 29, 2019, ECF No. 73.

9      Federal courts have "inherent power to enforce compliance with their lawful

10  orders." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). This Court's Order

11  accompanying its Judgment declared that Federal Defendants' repeal of the "Consolidated

12  Federal Oil & Gas and Federal & Indian Coal Valuation Reform" rule (the Valuation Rule)

13  was arbitrary and capricious and vacated the repeal, thereby reinstating the Valuation

14  Rule. *See* ECF No. 72 at 33-34. Yet now, contrary to the Court's Order, Federal Defendants

15  have once again unlawfully postponed oil and gas lessees' deadline to comply with the

16  Valuation Rule, this time until July 1, 2020. Conservation Intervenors therefore respectfully

17  request that the Court enforce its Judgment and Order by (1) declaring that Federal

18  Defendants' latest postponement is inconsistent with the Court's mandate, (2) vacating the

19  postponement, and (3) ordering Federal Defendants to set an immediate deadline by

20  which oil and gas lessees must comply with the Valuation Rule. Conservation Intervenors'

21  motion is supported by the accompanying Memorandum; the Declaration of Cecilia D.

22  Segal; any oral argument this Court may allow; and any other matter of which this Court

23  takes notice.

24      Consistent with this Court's Standing Order, Conservation Intervenors conferred

25  with all parties before filing this motion. Federal Defendants and Industry Intervenor

26  American Petroleum Institute oppose the motion. Plaintiffs do not. Based on the

27  understanding that the motion does not implicate coal valuation, Industry Intervenors

28  National Mining Association and Wyoming Mining Association take no position.

1   Dated: January 15, 2020                    Respectfully submitted,

2
                                               /s/ Cecilia D. Segal
3                                              CECILIA D. SEGAL (SBN 310935)
                                               Natural Resources Defense Council
4                                              111 Sutter Street, 21st Floor
                                               San Francisco, CA 94104
5                                              Telephone: (415) 875-6112
                                               Fax: (415) 795-4799
6                                              E-mail: csegal@nrdc.org
7

8                                              AARON COLANGELO, *pro hac vice*
                                               Natural Resources Defense Council
9                                              1152 15th Street, NW, Suite 300
                                               Washington, DC 20005
10                                             Telephone: (202) 289-2376
                                               Fax: (415) 795-4799
11                                             E-mail: acolangelo@nrdc.org
12

13                                             *Counsel for Plaintiff-Intervenors Natural Resources*
14                                             *Defense Council, Northern Plains Resource Council,*
                                               *The Wilderness Society, and Western Organization of*
15                                             *Resource Councils*

16

17

18

19

20

21

22

23

24

25

26

27

28

### STATEMENT OF ISSUES TO BE DECIDED

Is Federal Defendants' decision to postpone oil and gas lessees' deadline to comply with the Valuation Rule until July 1, 2020—fourteen months after this Court reinstated the Rule and three-and-a-half years after the Rule's original effective date—inconsistent with the Court's Judgment and Order?

### INTRODUCTION

Last spring, this Court held that Federal Defendants "committed a number of serious violations" when they repealed the Valuation Rule—a much-needed update to the regulations governing royalty payments for coal, oil, and natural gas extracted from federal lands that will increase royalty collections by between $71.9 and $84.9 million a year. In light of these "serious violations," the lack of disruptive consequences from vacatur, and the fact that Federal Defendants had already improperly delayed implementation of the Rule by more than two years, the Court vacated the repeal. Federal Defendants subsequently informed lessees that the Valuation Rule had been reinstated and set a lenient compliance date of January 1, 2020—a date more than eight months after the Court's vacatur.

Shortly before that revised compliance deadline, and without warning, Federal Defendants issued lessees a postponement, further extending the deadline to July 1, 2020. This unilateral and unlawful suspension of the Valuation Rule contravenes the Court's mandate and continues to deprive Conservation Intervenors, their members, and the public of the Rule's substantial benefits. Accordingly, the Court should reject Federal Defendants' latest attempt to thwart implementation of the Valuation Rule and grant Conservation Intervenors' motion to enforce.

### BACKGROUND

On July 1, 2016, following years of study and stakeholder input, the Office of Natural Resources Revenue (ONRR), a division of the U.S. Department of the Interior, published the Valuation Rule. 81 Fed. Reg. 43338 (July 1, 2016). ONRR anticipated that the Rule would improve oversight and management of the federal royalty collection system,

increase annual royalty payments by between $71.9 and $84.9 million, and decrease industry compliance costs by $3.61 million. *Id.* at 43338, 43359. ONRR set the Rule's effective date at 180 days from its date of publication, i.e., January 1, 2017, to give lessees time to change their accounting practices and come into compliance with the new regime. *Id.* at 43338, 43360.

Following the change in presidential administration, however, ONRR began to derail the Rule's implementation. First, it postponed the Valuation Rule's effective date, citing then-pending lawsuits by industry groups challenging the Rule's validity in the U.S. District Court for the District of Wyoming. 82 Fed. Reg. 11823, 11823 (Feb. 27, 2017). A judge of this court swiftly declared that postponement unlawful. *Becerra v. U.S. Dep't of the Interior*, 276 F. Supp. 3d 953, 966 (N.D. Cal. 2017). Second, ONRR repealed the Valuation Rule altogether, 82 Fed. Reg. 36934 (Aug. 7, 2017), giving rise to this lawsuit.

This Court held that ONRR's actions were, again, unlawful. Order re Cross-Motions for Summary Judgment (Order) 33-34, ECF No. 72. It found that the agency had "committed a number of serious violations of the [Administrative Procedure Act (APA)] and that its repeal of the Valuation Rule was effectuated in a wholly improper manner." *Id.* at 33. Specifically, the Court determined that ONRR had failed to provide a reasoned explanation for its abrupt and arbitrary change in course or to comply with the APA's notice-and-comment requirement. *Id.* at 33-34. Concluding that these violations were "serious," and that no "unduly disruptive" consequences would follow from vacatur, the Court vacated the repeal, thereby allowing the Valuation Rule to take effect. *Id.* at 34. Neither Federal Defendants nor Industry Intervenors sought a stay or reconsideration of the Court's decision, or filed an appeal.

Yet, in the ensuing weeks, ONRR failed to take any action to implement the Valuation Rule or even publicly recognize its reinstatement. Conservation Intervenors consequently wrote to the agency on May 30, 2019, stressing the need for full and immediate implementation and requesting information regarding ONRR's efforts to that effect. Decl. of Cecilia D. Segal (Segal Decl.) ¶ 2; *id.*, Ex. A. On June 13, ONRR issued a

guidance document, known as a Dear Reporter letter, informing lessees that the Valuation Rule had taken effect and instructing them to submit, by January 1, 2020, corrected reports and royalty payments, retroactive to the Rule's original effective date of January 1, 2017. *Id.* ¶ 3; *id.*, Ex. B at 1.

At about the same time, Industry Intervenors and other industry groups revived their challenges to the Valuation Rule in Wyoming federal court.[2] They subsequently sought a preliminary injunction of the Rule, arguing that they should be spared the "'substantial and unnecessary burden'" of complying with it until the court resolved the merits of their suit. *Cloud Peak Energy Inc. v. U.S. Dep't of the Interior*, No. 19-cv-120, 2019 WL 5058582, at *2 (D. Wyo. Oct. 8, 2019). ONRR opposed the injunction, defending the Valuation Rule's validity and disputing industry's claim that they faced significant costs and other harms associated with compliance. *See id.* at *1, *3, *6; *see also* ONRR Opp'n to Mot. for Prelim. Inj. (PI Opp'n) 7, *Cloud Peak Energy*, No. 19-cv-120, ECF No. 58. The court ultimately granted the preliminary injunction as to the Rule's coal provisions but denied it as to the oil and gas provisions. *Cloud Peak Energy*, 2019 WL 5058582, at *14 (concluding that industry demonstrated a likelihood of success on the merits for only one of the Valuation Rule's provisions, concerning the valuation of coal based on the sales price of electricity).

Oil and gas lessees thus remained subject to the January 1, 2020 deadline to achieve compliance with the Valuation Rule. Only six weeks before that date, however, ONRR abruptly issued a new Dear Reporter letter postponing the deadline from January 1 to July 1, 2020. Segal Decl. ¶ 4; *id.*, Ex. C at 1. The only explanation the agency gave was that it had "received feedback from industry" stating that "additional time was necessary for industry to comply." *Id.*, Ex. C at 1. ONRR did not alert Plaintiffs, Conservation Intervenors, or the Court to the postponement. *See id.* ¶¶ 5-6.

---

[2] Conservation Intervenors intervened in that litigation to defend the Valuation Rule.

3

**LEGAL STANDARD**

Federal courts have "inherent power to enforce compliance with their lawful orders." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Hook v. Arizona*, 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments . . . ."); *see also Salazar v. Buono*, 559 U.S. 700, 712 (2010) (plurality opinion) ("A party that obtains a judgment in its favor acquires a 'judicially cognizable' interest in ensuring compliance with that judgment" and thus "ha[s] standing to seek its vindication." (citation omitted)). This rule extends to mandates issued to federal agencies. *California v. U.S. Dep't of Labor*, 155 F. Supp. 3d 1089, 1095-96 (E.D. Cal. 2016). "Should an agency neglect the orders of a federal court, an order enforcing the original mandate is in fact 'particularly appropriate.'" *Id.* at 1096 (quoting *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984)). A court should therefore grant a motion to enforce a final judgment when the prevailing party demonstrates that its agency opponent "has not complied with the judgment's terms." *Id.*

**ARGUMENT**

Since President Trump took office, ONRR has made repeated attempts to thwart implementation of the Valuation Rule, relying on conclusory assertions of industry compliance burdens each time. Thanks to those efforts, the agency has succeeded so far in delaying the payment of royalties under the Rule for three years and counting. This Court should enforce its final judgment to prevent ONRR from delaying lessee compliance with the Rule any longer.

The Court's Order invalidating ONRR's repeal of the Valuation Rule was unequivocal. ONRR's "recited justifications" for the repeal did not "pass muster" under well-established Supreme Court precedent, and its failure to provide "meaningful public comment" before finalizing the repeal violated the APA. Order at 14, 23. The "proper remedy" for such "serious violations," the Court concluded, was declaratory relief and vacatur of the repeal. *Id.* at 33; *see id.* at 34. In reaching that conclusion, the Court found that the "only disruption identified" by Federal Defendants—that ONRR and lessees

needed time to convert their accounting systems—lacked factual support and, in any event, would be an "inevitabl[e]" consequence of any change in royalty regime. *Id.* at 34. The Court also resisted any "further delay" in granting relief, denying Federal Defendants' request for additional briefing and observing that, although the "Valuation Rule was originally scheduled to take effect on January 1, 2017," none of its provisions were ever implemented due to ONRR's "improper" postponement and repeal. *Id.*

Notwithstanding this Court's decision and clear mandate that the Valuation Rule take immediate effect, ONRR has continued to stall the Rule's implementation. While the agency initially announced its intention to require lessees' compliance with the Rule, that announcement came two months after the Court's order, and only after Conservation Intervenors' insistence. *Supra* at 2; Segal Decl. ¶ 2. Even then, in recognition of the time needed by lessees to modify their reporting systems, ONRR gave lessees six more months—i.e., eight months from the Court's Order—to submit their corrected reports and payments. Segal Decl., Ex. B at 1. On the eve of that revised compliance deadline, ONRR moved the goalposts yet again and delayed compliance for oil and gas lessees by another six months. *Id.*, Ex. C at 1. That means that more than three-and-a-half years will have passed since the Valuation Rule's original effective date (and four years since the Rule's publication date) before these lessees are required to make royalty payments under the new regime—assuming the agency does not issue any additional extensions.

There is no lawful basis for this latest suspension of the Rule. To begin, the November 20, 2019 Dear Reporter letter does not cite any legal authority for the postponement—because there is none. While section 705 of the APA allows an agency to "postpone the effective date" of a rule when "justice so requires," 5 U.S.C. § 705, it cannot be used to stay the compliance date of a rule that has already taken effect. *California v. BLM*, 277 F. Supp. 3d 1106, 1119-20 (N.D. Cal. 2017). As Magistrate Judge Laporte stated when she held ONRR's first postponement of the Valuation Rule illegal, a contrary interpretation "would allow the agency broad latitude to delay implementation long after a rule was formally noticed to the public as taking effect by characterizing other later dates

1    as compliance dates and thereby retroactively abrogating the published effective date."

2    *Becerra*, 276 F. Supp. 3d at 964. Nor did ONRR invoke that provision of law or attempt to

3    meet its requirements. And, though ONRR conceivably might have accomplished the

4    postponement under section 553 of the APA, 5 U.S.C. § 553(b)-(c), that would have

5    required the agency to conduct a notice-and-comment rulemaking, which it plainly did

6    not do. *Becerra*, 276 F. Supp. 3d at 966 (describing ONRR's earlier attempt to suspend the

7    Valuation Rule without notice and comment as "improperly put[ting] the cart before the

8    horse").

9         Absent a legal basis for the postponement, ONRR instead tried to justify its actions

10   with a vague reference in a single sentence to "feedback from industry" about the need for

11   "additional time." Segal Decl., Ex. C at 1. But, just as this Court found during the merits

12   phase of the case, this justification is unsupported and unpersuasive. *See, e.g.*, Order at 20

13   (stating that "ONRR's speculation that provisions of the Valuation Rule would be unduly

14   burdensome, difficult to apply and increase costs, directly contradict its previous

15   findings"); *id.* at 34 (rejecting ONRR's allegations that the agency and lessees needed time

16   to update their accounting systems and vacating the repeal).

17        In fact, only four months ago, in opposing a motion for a preliminary injunction

18   filed by industry parties in the Wyoming litigation, ONRR asserted that industry did not

19   need extra time to comply, and instead maintained that industry's "obligation to correct

20   past royalty reports to conform with the Valuation Rule is not an 'extraordinary' burden."

21   PI Opp'n at 7. Citing a declaration provided by ONRR Director Gregory Gould, ONRR

22   asserted that "[r]esubmitting and correcting royalty reports is quite common," *id.*; that

23   "only four percent of reporting lines will need to be redone because of the Valuation

24   Rule," *id.*; that ONRR "is helping companies comply with the Valuation Rule" and is

25   "better equipped to answer [industry's] questions" than before, *id.* at 8; and that industry's

26   "complaints about the 'impossibility' of complying with the Valuation Rule by January 1,

27   2020 . . . are belied by the fact that companies have already begun redoing [their] reports

28   dating back to January 1, 2017, and prospectively reporting under the Valuation Rule," *id.*

1  ONRR's attempt now to backtrack from these statements, without any evidence or even
2  acknowledgment of its prior position, is feeble at best.
3      The Dear Reporter letter is all the more egregious because it gives no consideration
4  to the foregone benefits associated with the postponement. *See California v. BLM*, 277 F.
5  Supp. 3d at 1122 (holding that an agency's postponement of a rule designed to reduce
6  natural gas waste was arbitrary and capricious where the agency "only took into account
7  the costs to the oil and gas industry of complying with the [r]ule and completely ignored
8  the benefits that would result from compliance"). Conservation Intervenors, their
9  members, and the broader public derive substantial benefit from royalty revenues. *See*
10  Conservation Intervenors' Mot. to Intervene 7, ECF No. 24 (explaining that royalty
11  payments "fund important public-education programs, infrastructure projects, and other
12  local and regional initiatives"); *see also* Conservation Intervenors' Opp'n to Mot. for Prelim.
13  Inj. 14-15, *Cloud Peak Energy*, No. 19-cv-120, ECF No. 57 (describing how communities most
14  impacted by fossil fuel development use royalty revenues to mitigate those impacts). The
15  Valuation Rule—once implemented—will increase these revenues by over $71 million a
16  year. *See* 82 Fed. Reg. at 43359. ONRR's repeated delays of the Rule result in an ongoing
17  delay of its benefits.
18      That ONRR has directed lessees to make their future payments under the Rule
19  retroactive to January 1, 2017 does not ameliorate this harm. First, that direction assumes
20  that lessees will ultimately comply with the Valuation Rule, and that ONRR will not take
21  further action to suspend, repeal, or replace it.[3] Second, it ignores that the public is losing
22  out on tangible, real-time benefits the increased royalties would provide, like additional
23  funding for local schools and roads. Future payment does not fully compensate for being
24  denied those benefits and services for three-and-a-half years and counting.
25
26
27  [3] In fact, ONRR has already stated its intent, in light of this Court's reinstatement of the
28  Valuation Rule, to "publish a proposed rule to amend the existing regulations" on royalty
   valuation. Segal Decl., Ex. D.

1    In short, Conservation Intervenors have yet to receive the benefit of the relief they

2    sought and this Court ordered. *See WildEarth Guardians v. Bernhardt*, No. 16-cv-1724, 2019

3    WL 3253685, at *3 (D.D.C. July 19, 2019) (stating that the "key question" for a court in

4    deciding a motion to enforce is whether plaintiffs "received all relief required by the

5    [c]ourt's earlier order" (citation and internal quotation marks omitted)). Until ONRR

6    forces oil and gas lessees to pay royalties under the Valuation Rule, the Rule's

7    reinstatement is meaningless. And unless the Court steps in, there is nothing stopping the

8    agency from issuing serial six-month extensions, one after the other, to postpone these

9    lessees' compliance deadline indefinitely. "At some point, [a court] must lean forward

10   from the bench to let an agency know, in no uncertain terms, that enough is enough." *Pub.*

11   *Citizen Health Research Grp. v. Brock*, 823 F.2d 626, 627 (D.C. Cir. 1987) (per curiam).

12   ONRR has "neglect[ed] the order[]" of this Court. *California v. U.S. Dep't of Labor*,

13   155 F. Supp. 3d at 1096. It has once again delayed the Valuation Rule's implementation,

14   thereby frustrating the Court's mandate, cheating Conservation Intervenors of their

15   victory, and depriving them and the public of the Rule's benefits. The Court should

16   enforce its Judgment and Order and require Federal Defendants to implement the

17   reinstated Valuation Rule immediately.

18                                    **CONCLUSION**

19   For the foregoing reasons, Conservation Intervenors respectfully request that the

20   Court grant their motion to enforce, declare that Federal Defendants' latest postponement

21   of the Valuation Rule is inconsistent with the Court's mandate, vacate the postponement,

22   and order Federal Defendants to set an immediate deadline by which oil and gas lessees

23   must comply with the Rule.

24

25

26

27

28

1   Dated: January 15, 2020                 Respectfully submitted,

2                                            /s/ Cecilia D. Segal

3                                            CECILIA D. SEGAL (SBN 310935)

4                                            Natural Resources Defense Council
                                             111 Sutter Street, 21st Floor
5                                            San Francisco, CA 94104
                                             Telephone: (415) 875-6112
6                                            Fax: (415) 795-4799

7                                            E-mail: csegal@nrdc.org
                                             AARON COLANGELO, *pro hac vice*
8                                            Natural Resources Defense Council

9                                            1152 15th Street, NW, Suite 300
                                             Washington, DC 20005
10                                           Telephone: (202) 289-2376

11                                           Fax: (415) 795-4799
                                             E-mail: acolangelo@nrdc.org
12

13                                           *Counsel for Plaintiff-Intervenors Natural Resources
                                             Defense Council, Northern Plains Resource Council,*
14                                           *The Wilderness Society, and Western Organization of*
                                             *Resource Councils*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Conservation Intervenors' Motion to Enforce and Supporting Memorandum
Case No. 17-cv-05948-SBA